IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE E. McCORMICK,

               Petitioner,

      v.                      CASE NO.   07-CV-2605-SAC

PAUL MORRISON,
et al.,

               Respondents.

O R D E R

     This action was initially filed as a civil complaint asserting jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 28 U.S.C. § 2254.  The district court filing fee of $350.00 was paid in full. The case was filed as a non-prisoner civil action, even though it was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF).  Petitioner has since filed a Notice of Amended Petition (Doc. 11), an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 12), a Motion for Bail (Doc. 13) with a Memorandum in Support (Doc. 14).  Having considered the materials filed by plaintiff, the court finds as follows.

     Plaintiff names Jim Collins and Roger Werholtz, employees of the Kansas Department of Corrections, as defendants and seeks money damages from them for allegedly violating his First Amendment rights by censoring two books he ordered.  In the complaint he also seeks habeas corpus relief from his state convictions; and for that purpose, names the Attorney General as a "defendant/respondent". There may be exceptional circumstances where a hybrid civil rights/habeas corpus action is appropriate.  However, the two actions Mr. McCormick seeks to litigate herein may not be brought in a single lawsuit, as they are completely unrelated.

Mr. McCormick has wisely made the choice to pursue his habeas claims separately, as evidenced by his filing, as of right, an Amended Petition for Writ of Habeas Corpus and his Notice thereof in which he states "this case is now solely a habeas corpus case." However, because he proceeds pro se and for the following reasons, the court finds he should be given an opportunity to allow this case to proceed as a civil rights complaint based upon his First Amendment claims only, and to file his habeas corpus claims in a separate Petition and action.

Plaintiff has paid the full filing fee of $350.00 required for filing a civil rights complaint. The filing fee for a habeas corpus petition is $5.00. He will not be refunded the $350.00 filing fee he submitted for this case, which he initiated as a civil rights action, even if this case proceeds under his Amendment as a habeas corpus action only.

Upon initial examination, some of plaintiff's federal habeas corpus claims appear to be premature. If this case proceeds as his habeas petition, Mr. McCormick will be required by this court to submit his habeas corpus claims upon forms provided by the court, and to show full exhaustion. This is because, even though he has provided much information herein regarding his claims, he has not stated in an orderly fashion precisely what claims he wishes to present to this court, and how each of those claims have been fully exhausted in the state courts[1]. The form Petition requires that he

---

[1]     28 U.S.C. 2254(b)(1) provides:

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

clearly organize and set forth each of his claims separately, the grounds therefore, and exhaustion as to each claim.  Presentation of habeas claims on the forms is required by local court rules.

Mr. McCormick's claims are not exhausted unless and until he has presented each of them, including all crucial facts and legal theories in support, to the state district court, the Kansas Court of Appeals, and the Kansas Supreme Court.  His belief that he could obtain no relief from the district court in a motion under K.S.A. § 60-1507, and his filing of an extraordinary action directly in the Supreme Court are simply not sufficient to show or excuse full exhaustion.  If plaintiff is unable to satisfy the exhaustion prerequisite, this action will be dismissed, without prejudice.

If plaintiff has not fully exhausted state court remedies on each of the claims he wishes to present in federal court, it is crucial that he immediately file a proper action in state court, such as a petition under K.S.A. § 60-1507, raising all such claims

---

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective.  28 U.S.C. 2254(b)(1)(B).  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  Id. at 845.  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner's claim that his appellate counsel was ineffective among others does not appear to have been properly presented through one complete round of the state's appellate review process.  The court is not convinced that his filing of an original action directly in the Kansas Supreme Court amounted to full exhaustion on those claims not presented in his direct appeal.  Instead, petitioner must follow proper procedures by presenting all claims not raised on direct appeal in a post-conviction motion filed first in the state district court in which he was tried.  If relief is denied by that court he must appeal to the Kansas Court of Appeals, and if that court denies relief petitioner must file a Petition for Review in the Kansas Supreme Court.

that were not raised during his direct appeal[2].  He is so advised because the one-year statute of limitations for filing a federal habeas corpus action is tolled when a properly filed state post-conviction motion is pending concerning his claims[3], but not during the time a premature federal habeas corpus action is pending.  Thus, if petitioner proceeds in this action as a habeas, and it is determined some weeks or months from now that any of his claims are premature, the statute of limitations will run all the while this action is pending.  Plaintiff must remain constantly vigilant in order not to forfeit his right to federal habeas corpus review.

Petitioner seeks to challenge his convictions upon trial by jury in the District Court of Douglas County, Kansas, of aggravated kidnaping, aggravated burglary, and aggravated intimidation of a witness.  He represented himself at trial, with standby counsel, and was sentenced on April 15, 2004, to a controlling term of 213 months in prison.  He appealed his convictions to the Kansas Court of Appeals (KCOA), with the assistance of appointed appellate counsel,

---

[2]     An alternative for Mr. McCormick is to amend his Petition to state only those claims which were fully exhausted on direct appeal.  However, if he attempts to raise any of the voluntarily dismissed claims in a subsequent federal petition, it will likely be barred as second and successive.

[3]     28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

and the KCOA affirmed on May 25, 2007[4]. A Petition for Review was denied by the Kansas Supreme Court on September 27, 2007. On November 28, 2007, petitioner filed a 101-page "petition for writ of habeas corpus, pursuant to Ks.Sup.Ct.Rule 9.01[5]," directly in the Kansas Supreme Court claiming his appellate counsel was constitutionally ineffective for failing to properly raise several issues on his direct appeal. The Kansas Supreme Court summarily denied his petition on December 18, 2007. The instant federal Petition was filed on December 31, 2007.

Petitioner claims his appellate counsel was constitutionally ineffective for failing to properly raise several issues on direct appeal. He alleges the claims not raised on appeal include: denied right to "disinterested prosecutor"; admission of evidence seized in violation of the Fourth Amendment; denied right to counsel; "pervasive government misconduct"; denied use of victim's diary at trial; incorrect "bodily harm" instructions on aggravated kidnaping charge; and the State's alternative theory on intimidation charge invalid. He further alleges these claims were "obvious from the trial record." However, petitioner then states in a footnote that

---

[4]    In the KCOA's published opinion, the court set forth the issues raised by Mr. McCormick: "The defendant challenges the district court's refusal to appoint substitute counsel; the admission of evidence seized in violation of the Fourth Amendment; the admission of prejudicial photographs; the denial of the defendant's request for a psychological evaluation of the victim; and the court's jury instructions on aggravated kidnapping and aggravated burglary. The defendant further contends the prosecution prejudiced his ability to obtain a fair trial by withholding exculpatory evidence and committing multiple instances of misconduct." State v. McCormick, 37 Kan.App.2d 828, 830-31, 159 P.3d 194 (Kan.App. 2007).

[5]    KS.Sup.Ct.Rule 9.01(a)(Original Actions) provides: "Cases of Concurrent Jurisdiction. Original jurisdiction of an appellate court will not ordinarily be exercised if adequate relief appears to be available in a district court. If relief is available in the district court, the petition shall state, in addition to all other necessary allegations, the reasons why the action is brought in the appellate court instead of in the district court. In the event the appellate court finds that adequate relief is available in the district court, it may dismiss the action or order it transferred to the appropriate district court.

his appellate counsel raised "some of these issues in the direct appeal," but was "ineffective for not incorporating specific facts or arguments in her presentation or such issues."

Petitioner is hereby required to submit his habeas corpus claims upon forms provided by the court.  In his Second Amended Petition, he must clearly delineate each claim he wishes to present to this court, the grounds for each claim, and how that claim and all grounds and arguments in support were presented to the state courts, as required in the forms.

The court has considered plaintiff's Motion for Bail and Memorandum in Support, and finds it should be denied.  Plaintiff has not shown a sufficient likelihood of success on the merits, particularly given the procedural posture of the instant pleadings.

Plaintiff is given thirty (30) days in which to file a response to this Order in which he must clearly state on one page if he still wishes to proceed in this action only upon his habeas corpus claims. If he does, then he must also file a separate pleading entitled Notice of Voluntary Dismissal, without prejudice, of defendants Jim Collins and Roger Werholtz and his claims for money damages and other relief based upon the First Amendment.  He must also complete the forms for filing a federal habeas corpus petition provided by the court, and submit them as his Second Amended Petition in accordance with the foregoing directives.

Alternatively, if plaintiff decides to proceed in this action upon his First Amendment claims only, he must file an Amended Complaint herein naming the proper defendants and raising only those claims upon forms provided by the court.  He must also file a separate pleading in which he voluntarily dismisses, without

6

prejudice, his habeas corpus claims and respondent Attorney General. He may motion the court to transfer the exhibits filed herein to a new habeas corpus action filed by him once it is submitted and opened.

The court has considered plaintiff's Motion for Order to Show Cause (Doc. 9) and finds it should be denied, without prejudice. The court will not issue a show cause order at this time because Mr. McCormick has not shown full exhaustion of state court remedies, and must otherwise fully comply with this Order.

**IT IS THEREFORE ORDERED** that plaintiff is given thirty (30) days to respond to this Order by stating if he shall proceed in this action on his First Amendment claims only or his habeas corpus claims only, and to otherwise comply as directed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Bail (Doc. 13) is denied, and his Motion for Order to Show Cause (Doc. 9) is denied without prejudice.

The Clerk is directed to transmit to plaintiff forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, and forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge