```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DALE E. McCORMICK,**

                 **Plaintiff,**

        v.                   CASE NO. 07-2605-SAC

**PAUL MORRISON,**
**et al.,**

                 **Defendants.**

### O R D E R

      This pro se action was initially filed as a hybrid complaint asserting a First Amendment claim under 42 U.S.C. § 1983 and unrelated challenges to Mr. McCormick's state convictions under 28 U.S.C. § 2254. Plaintiff thereafter filed pleadings indicating his intent to proceed herein only upon his habeas claims. However, the court issued an Order finding the two types of actions were completely unrelated, and giving plaintiff an opportunity to allow this case, in which he had already paid the full filing fee for a civil rights action, to proceed upon his First Amendment claims only, and to file his habeas corpus claims in a separate Petition instead.

      Plaintiff has complied with the court's prior Order in part by filing a Second Amended Complaint (Doc. 16). He has also filed a Notice of Voluntary Dismissal of Respondent Kansas Attorney General (Doc. 17) and a Notice of his intent to proceed in this action upon his First Amendment claims only (Doc. 18). In his Second Amended Complaint, plaintiff names Jim Collins and Roger

Werholtz, employees of the Kansas Department of Corrections, as defendants and seeks money damages from them for allegedly violating his First Amendment rights by censoring two books he ordered.  The Second Amended Complaint completely supercedes all prior complaints and petitions filed herein.  Having considered the Second Amended Complaint and the portions of the original complaint specifically referred to therein, the court finds as follows.

**FACTUAL BACKGROUND**

The pertinent facts alleged by plaintiff in support of his complaint include that plaintiff is a writer, has written fiction and nonfiction books, and is currently writing more books.  In September, 2007, while an inmate at Lansing Correctional Facility, he ordered two books from a company named Edward R. Hamilton Books: <u>Encyclopedia of Survival Techniques</u> and <u>High Risk: an anthology of Forbidden Writings</u>.  Plaintiff ordered these books to further "his career as a writer" and for research purposes.  Defendant Collins "censored" these two books for reasons stated in a "KDOC Notification of Publication Seizure/Censorship" on each publication.  Plaintiff appealed the decisions to defendant Werholtz, who denied the appeals.

Plaintiff claims the censorship of these books based on their content violates the First Amendment because LCF provides "access to similar or nearly identical content through television programs and books" in the prison library. Plaintiff cites <u>Strope v. Collins</u>, 492 F.Supp.2d 1289, 1300 (D.Kan. 2007) in support of

2

his claim.

As relief, plaintiff improperly requests a writ of habeas corpus discharging him from liability on his state court conviction or ordering a retrial. He also requests a declaratory judgment against defendants Collins and Werholtz that the censorship of the two books in question violated the First Amendment, compensatory damages of $100 from each defendant, and punitive damages from each along with costs of this action.

**SCREENING**

Because Mr. McCormick is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). The court is empowered to screen and dismiss his complaint pursuant to § 1915A even though he is not proceeding in forma pauperis. Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000). Morever, notwithstanding any filing fee or portion thereof that may have been paid, the court must dismiss a claim at any time it determines the claim is frivolous, malicious, fails to state a claim for which relief can be granted or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Having screened plaintiff's Second Amended Complaint, the court finds as follows.

**HABEAS CORPUS CLAIMS**

The court finds that plaintiff's habeas corpus claims originally filed herein and all his requests for habeas corpus relief including that in his Second Amended Complaint should be completely dismissed from this action, without prejudice[1]. Plaintiff is a "person in custody pursuant to the judgment of a State court," and the sole remedy for seeking release from such confinement is a petition for writ of habeas corpus. See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475 (1973). Respondent Kansas Attorney General is dismissed from this action.

**FIRST AMENDMENT CLAIMS**

This action proceeds only as a civil rights action for declaratory relief and money damages, and only upon plaintiff's First Amendment claims. The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Lansing Correctional Facility. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that all plaintiff's habeas corpus claims and requests for habeas corpus relief filed at any time in this action are dismissed, without prejudice; and that this action

---

[1] The court notes plaintiff has filed a separate Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this court challenging his state conviction. Plaintiff was plainly informed in a prior Order in this case that he could not proceed on his habeas claims in a hybrid action with his totally unrelated First Amendment claims. This civil rights action has no conceivable effect upon the statute of limitations for petitioner's habeas claims.

is dismissed against defendant respondent Kansas Attorney General. The only defendants remaining in this case are Jim Collins and Roger Werholtz.

**IT IS FURTHER ORDERED:**

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal, costs to be paid by plaintiff.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of Lansing Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in

the written report.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, and to the Attorney General of the State of Kansas.

**IT IS FURTHER ORDERED** the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS SO ORDERED**.

Dated this 12th day of March, 2008, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge

7