IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**DALE E. McCORMICK,,**

        **Plaintiff,**

    **v.**                  **CASE NO. 07-2605-SAC**

**PAUL MORRISON, et al.,**
**et al.,**

        **Defendants.**

### <u>O R D E R</u>

This matter is before the court upon plaintiff's Third Amended Complaint (Doc. 33), plaintiff's Motion to Arrange for Service of Additional Defendants (Doc. 35), Interested Party Kansas Department of Corrections' Third Motion for Extension of Time to File Martinez Report (Doc. 34), and plaintiff's Objection to Motion (Doc. 36). Having considered these pleadings, the court finds as follows.

**<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

After summons issued upon plaintiff's Second Amended Complaint (Doc. 16), and before the Martinez Order has been filed, plaintiff filed this Third Amended Complaint[1] (Doc. 33). Because Mr. McCormick is a prisoner suing state officials, the court is required by statute to screen each claim in the Third Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. §

---

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure (FRCP), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."

1915A(a) and (b). Having screened all materials filed, the court finds that portions of plaintiff's Third Amended Complaint are subject to being dismissed, without prejudice, for reasons that follow.

## I. LEGAL STANDARDS REGARDING AMENDED COMPLAINTS

The Federal Rules of Civil Procedure (FRCP) apply to suits brought by prisoners. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The court may insist upon a prisoner's compliance with the rules. See McNeil v. United States, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel). Even though plaintiff's Third Amended Complaint was filed "as a matter of course," its content must conform to other applicable rules as well. FRCP Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Id. FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted).

The Court of Appeals for the Seventh Circuit held in George, that under "the controlling principle" in FRCP Rule 18(a),

"[u]nrelated claims against different defendants belong in different suits." George, 507 F.3d at 607. Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id. It also prevents prisoners from "dodging" the fee obligations[2] and the three strikes provisions[3] of the Prison Litigation Reform Act. Id. (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Id.

Applying the reasoning in George here, this court determines that plaintiff's Third Amended Complaint violates FRCP Rule 20(a)(2) because it adds new defendants not shown to be connected to the censorship claim by a common occurrence or question of fact or law. The court also determines that the Third Amended Complaint violates FRCP Rule 18(a) because it adds claims not related to those already raised herein against different defendants. To permit plaintiff to

---

[2] 28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Id.

[3] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
.

3

proceed in this single action on unrelated claims against different defendants that should be litigated in a separate action or actions would allow him to avoid paying the filing fees required for separate actions[4]. It could also allow him to circumvent the three strikes provision set forth in 28 U.S.C. § 1915(g) since at least one of plaintiff's new and unrelated claims is frivolous on its face. Such a claim would clearly count as a "strike" if it were raised in a separate lawsuit but treating it as a strike in this case, where some unrelated claims have progressed beyond screening, would be difficult.[5]

## II. DISCUSSION

In his Second Amended Complaint (Doc. 16), Mr. McCormick named as defendants Jim Collins, "mail review officer" at Lansing Correctional Facility (LCF) and KDOC employee Roger Werholtz[6]. He sought money damages and other relief based upon their alleged censorship of two particular books: <u>Encyclopedia of Survival Techniques</u> and <u>High Risk: An Anthology of Forbidden Writings</u>, at the LCF in September, 2007. He claimed his right to receive information

---

[4] Non-prisoner and prisoner litigants alike should not be allowed to combine their unrelated claims against different defendants into a single lawsuit simply to avoid paying another filing fee in a separate lawsuit. Every litigant is required to responsibly weigh and individually bear, when possible, the costs of his or her decision to pursue litigation of disputes in federal court.

[5] While a federal district court may have the authority to count as a strike under § 1915(g), a frivolous/noncognizable claim that is dismissed from a complaint, which was also found to be impermissibly joined, this court has not yet entered such an interim order in a multiple claim case. However, plaintiff is forewarned that should he in the future file another multiple-claim, multiple-defendant complaint or amendment and include unrelated frivolous claims, the frivolous claims may be counted as strikes.

[6] In his Second Amended Complaint plaintiff alleges that defendant Roger Werholtz is "employed as Warden of LCF." As the waiver of summons (Doc. 22) confirms, Mr. Werholtz is the Secretary of Corrections, KDOC, not the LCF warden.

4

under the First Amendment was violated. In his Third Amended Complaint, plaintiff re-alleges these claims against defendants Collins and Werholtz. He also adds several new claims and two defendants[7]: "Prison Fellowship Ministries," alleged to be a Kansas corporation, and Judy Cook. The court considers each addition.

### A. NEW DEFENDANTS

FRCP Rule 20(a)(2) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence[8] or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. See e.g., League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977)(citation omitted). Under Rule 18(a), the plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in this action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. However, he may not bring multiple claims against multiple parties unless the statutory nexus is demonstrated with respect to all defendants named in the action.

---

[7] It has been held that despite FRCP Rule 15(a), if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed. See Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993).

[8] "[L]anguage in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." DIRECTTV, Inc. v. Barrett, 220 F.R.D. 630, 632 (D.Kan. 2004)(citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653), aff'd 249 Fed.Appx. 27 (10th Cir. 2007).

Plaintiff seeks different relief from the two new defendants than from Collins and Werholtz, and he bases his claims against the new defendants upon occurrences and legal arguments quite different from the censorship of two specific books in November, 2007. Against defendant "Prison Fellowship Ministries" he seeks injunctive relief requiring his acceptance into IFI programs with computer training. From defendant Cook, plaintiff seeks damages arising from the allegedly improper opening of his legal mail, an event which occurred in July, 2008, after he filed this action and several months after the censorship incident. The legal mail incident and the book censorship incident are not shown to be logically related in any fashion. There is no indication that any of the various claims against the new defendants arose out of the same transaction or occurrence. There is likewise no indication that, within the meaning of Rule 20(a), some "question of law or fact common to (all defendants) will arise in the action in order to make joinder proper." The court further finds these claims will not overlap in proof or testimony. Accordingly, the court concludes that joinder of "Prison Fellowship Ministries" and Judy Cook as defendants in this case violates FRCP 20(a)(2) and shall not be allowed.

### B. NEW CLAIMS

The court proceeds to determine if the new claims are properly joined in this action initially seeking damages based upon an incident of censorship. Allowance is more generous for claims than it is for parties given the rules allow a party to bring multiple claims-related or not-against a single party in one action. FRCP Rule 18(a).

6

### **1. New Claim of Denial of Access**

In his Third Amended Complaint, plaintiff adds the claim that on July 10, 2008, he received a package clearly marked as legal mail from his attorneys, which was improperly opened by defendant Cook. He asserts this violated his right of access to the courts, and seeks nominal and punitive damages from defendant Cook.

The court previously found that Judy Cook was improperly joined and will be dropped from this action. No allegations indicate that this claim arose due to the action or inaction of defendants Collins and Werholtz. Moreover, even if this claim were properly joined, the facts alleged by plaintiff are not sufficient to state a claim of denial of access. It is well-established that a prison inmate has a constitutional right of access to the courts. However, an isolated incident of interference with legal mail, without any evidence of improper motive or actual interference with plaintiff's right of legal access does not give rise to a constitutional violation. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). To state a denial of access claim, plaintiff must "go one step further and demonstrate" that the alleged action of defendant "hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded. Id. at 350, 353. Mr. McCormick has alleged no facts suggesting actual prejudice to any non-frivolous legal claim, and clearly has had access to this court.

7

### 2. New Claim of Property Deprivation

Plaintiff also adds the claim that his First Amendment and Due Process rights were violated on May 9, 2008, when his Unit Team Manager Andrew Parks seized and ripped up 47 images from magazines that plaintiff "lawfully possessed" in his cell, and defendant Collins refused to return the images[9]. He seeks damages from defendant Collins for refusing to return the images.

At first glance, it appears this claim might be properly joined since plaintiff seeks relief from defendant Collins rather than Parks whom he alleges actually took and destroyed his property. However, the facts alleged by plaintiff fail to state a claim of federal constitutional violation. Whether negligent or intentional, deprivations of personal property effected through the random and unauthorized conduct of a prison employee, may be redressed through adequate post-deprivation remedies, and such remedies are available in the courts of the State of Kansas. Because such post-deprivaiton remedies are available, plaintiff's allegations do not amount to a claim of deprivation of property without due process. See Parratt v. Taylor, 451 U.S. 527, 540-42 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Hudson v. Palmer, 468 U.S. 517, 532-34 (1984)("An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy

---

[9] Plaintiff also states that Parks wrote a disciplinary report for "sexually explicit material," which was dismissed. He indicates in a footnote that he believes he has a claim for retaliation against Parks, but is not raising it for fear of further retaliation. Parks is not named as a defendant, and the court does not consider this potential claim in this case. The court notes that Parks would not be properly joined in this case based on either a deprivation of property or retaliation claim.

8

for the loss is available."). Plaintiff's conclusory claim of a First Amendment violation based on this incident is not supported by sufficient facts or legal theory.

### 3. New Claims of Denial of Programs

Plaintiff adds claims that he is being denied participation in prison programs and asserts his constitutional rights are violated as a result. In general, he alleges that under the supervision of defendant Werholtz he is not being provided with "education and vocational skills" to "aid in his rehabilitation" due to "age restrictions" on vocational programs offered by KDOC[10]. He also specifically alleges that defendant "Prison Fellowship Ministries" (PFM) operates a program at LCF called the "InnerChange Freedom Initiative" (IFI), which includes an 18-month in-prison program and 6-10 months in a work release setting and provides computer training[11]. He further alleges that to participate in the IFI program an inmate is required to "immerse" himself in "the transformational love of Jesus Christ." He asserts that defendants Werholtz and PFM are violating his equal protection rights "by excluding him from the computer training provided to IFI members" because he is a non-Christian. He seeks injunctive relief requiring that he be provided with the same computer training as IFI members

---

[10] Plaintiff does not allege facts in support of this general claim, such as dates, what vocational programs he was denied due to his age, and who denied his requests to be involved in any program. Nor does he seek specific relief based on this claim. The court finds this claim is completely conclusory, and as such fails to state a federal constitutional claim.

[11] For a detailed description of this program and its operation in the Iowa Department of Corrections prior to litigation, see <u>Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc.</u>, 509 F.3d 406, 413-417 (8th Cir. 2007).

9

without any form of "religious programming."

These claims, which are not at all related to plaintiff's censorship claims, may not proceed herein as against Prison Fellowship Ministries. The court has determined that defendant PFM was improperly joined and must be dropped from this case[12].

Moreover, plaintiff does not even allege that he has applied to participate in the computer training provided to inmates through the IFI program, but was denied.[13] Plaintiff also fails to name as defendant on these claims the person or persons at LCF to whom he directed requests to be provided with the IFI computer training, if indeed he has, and who actually denied his requests. Instead, the only other defendant mentioned in connection with these claims is Secretary Werholtz.

Since plaintiff joined defendants Collins and Werholtz in this action based on his censorship claim, he may not join other claims herein unless they meet the requirements for joinder of defendants. In other words, every additional claim he raises in this action against these two defendants must satisfy FRCP Rule 18's requirements that the claims arise out of the same transaction or occurrence and involve a question of law or fact common to all

---

[12] Even if PFM remained a named defendant, claims against a private corporation are not properly brought under Section 1983. A claim under 42 U.S.C. § 1983, by its very terms, is a cause of action against a "person" acting under color of state law. A corporation is not a "person" and the employees of a private corporation generally do not act color of state law.

[13] The exhibits of grievances attached to his complaint, which are considered as part of the complaint, suggest he has not applied. To his inmate grievance on this issue, a Unit Team member responded that plaintiff would have to apply to the IFI to access the benefits of their program. Other attachments indicate Mr. McCormick filed inmate grievances demanding access to computer training, like that provided by the IFI, but with no religious programming. A designee of the Secretary of Corrections affirmed the responses of LCF officials on administrative appeal, and noted Mr. McCormick had access equal to that of similarly situated inmates to apply to the privately-funded IFI program.

10

defendants. Plaintiff's claims regarding computer training do not involve the same occurrence or present a factual or legal question common to both defendants. The court concludes this claim may not be joined in this action and it shall be severed.

### 4. New Conditions of Confinement Claims

Plaintiff adds claims regarding conditions of confinement in D cellhouse at LCF, and baldly asserts he is being subjected to cruel and unusual punishment. In particular, he complains that there are very large windows, which allow the afternoon sun to shine directly in and cause "dangerously high" temperatures, while defendants provide no "consistent" means for inmates to regulate the temperature, no cold water in the showers to cool off, and an inadequate ice machine. He asks the court to order provision of air conditioning or two cold showers and a certain quantity of ice on hot days.

The few facts alleged by plaintiff in support of his claim of cruel and unusual punishment, even taken as true, utterly fail to state a claim under the Eighth Amendment. To constitute cruel and unusual punishment that violates the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Helling v. McKinney, 509 U.S. 25, 36 (1993)(allegations were not sufficient to show exposure "to a risk that is so grave that it violates contemporary standards of decency"). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "To the extent that such

11

conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347; Hudson, 503 U.S. at 9 ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.")(quotations and citations omitted).

Moreover, plaintiff omits other essential elements of an Eighth Amendment claim. For example, he does not name individual prison officials and allege they knew of and disregarded an excessive risk to his health or safety acting with "deliberate indifference to a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994), *citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991); Hudson, 503 U.S. at 9. Nor does he describe any personal injury stemming from uncomfortable temperatures. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993)(Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983). He also fails to allege any time frame and no person is mentioned by name as causing these conditions claims.[14] The few facts plaintiff does allege indicate nothing more than that he may have been uncomfortably warm on occasion.

Even if plaintiff could allege additional facts to cure these

---

[14] There is no allegation or indication that defendant Secretary Werholtz was personally involved in any of plaintiff's new claims. The doctrine of respondeat superior does not apply to claims under Section 1983. It follows that a supervisor will not be held accountable for the actions of those underneath him unless the supervisor's own acts are implicated. Furthermore, an official's mere affirmance of a denial of administrative relief does not necessarily amount to his personal participation in the acts complained of in the grievance.

deficiencies, these claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences as plaintiff's original claims of unconstitutional censorship, and they lack a question of law or fact common to both defendants Collins and Werholtz. The court concludes these claims are inappropriate for joinder under Rules 18 and 20, and must be severed.

### 5. New First Amendment Claims

Plaintiff adds the claim that his right to free expression is being denied. In support, he alleges he is prevented from writing "sexually explicit" scenes in his own novels and short stories for "fear of prosecution" under K.A.R. 44-12-313, which apparently prohibits "sexually explicit material." He also alleges that "he wishes to order subscriptions to men's magazines, such as Playboy Magazine, but is prohibited from doing so by the censorship provision of K.A.R. 44-12-313." Plaintiff asks the court to declare that the regulation in question is unconstitutional and enjoin its enforcement.

These new complaints regarding prohibitions on his writing content and receipt of Playboy magazine are more similar to his initial claims than the others. However, once again plaintiff has failed to allege sufficient facts to support a claim of federal constitutional violation. He does not name any particular KDOC official or employee as responsible for the alleged chilling of his freedom of expression, or describe any person's role in promulgating or enforcing the policy in question against him. He does not even allege that he has written sexually explicit material and was

sanctioned as a result, or that he made a request to subscribe to Playboy, which was denied by a person at LCF.  Instead, he merely states that he has explained "his position" to several prison officials including defendant Werholtz.

In any event, while these claims may involve a common question of law, namely the constitutionality of a prison censorship regulation, they cannot be said to have arisen from the same transaction or series of transactions as the censorship of plaintiff's two books in November 2007.  Nor are any actions by defendant Collins described in connection with this claim.  The court finds plaintiff's claims regarding his desires to write and subscribe to sexually explicit material may not be joined in this action and shall be severed.

**DISMISSAL IS WITHOUT PREJUDICE**

The court shall dismiss the defendants and claims found herein to be improperly joined, without prejudice.  This means plaintiff is free to file a new complaint or complaints naming as defendants the persons, including those severed from this action, he believes are responsible for alleged constitutional violations.  Some courts suggest that the entire complaint containing improperly joined claims or parties should be dismissed, with the plaintiff being given time to file another amended complaint.  However, in this particular case where summons has issued on the initial claims and those claims are realleged in the Third Amended Complaint, this court finds the matter should proceed on the Third Amended Complaint with the improperly joined defendants and claims dropped and severed.

**MOTION FOR EXTENSION OF TIME**

The court has considered the Motion of Interested Party Kansas Department of Corrections for extension of time to file a Martinez Report (Doc. 34) on plaintiff's censorship claims, together with plaintiff's Objection (Doc. 36), and concludes the motion should be granted.  Movants have alleged sufficient good cause in the press of other business and staff changes.  Moreover, plaintiff objected at the same time he was attempting to add unrelated claims and new defendants, which would have clearly required additional responses.  Plaintiff states no good cause for denying this extension of time.  Nor does he state that any additional harm to him will arise from this extension.

**IT IS THEREFORE ORDERED** that defendant Judy Cook and defendant Prison Fellowship Ministries are dropped from this action as improperly joined and dismissed without prejudice; and that plaintiff's Motion to Arrange for Service of Additional Defendants (Doc. 35) is denied.

**IT IS FURTHER ORDERED** that plaintiff's claims regarding denial of access, deprivation of property, denial of programs, unconstitutional conditions of D cellhouse, and interference with writing, and subscribing to magazines with, sexually explicit material are severed as improperly joined and dismissed, without prejudice.

**IT IS FURTHER ORDERED** that this action shall proceed only as against defendants Collins and Werholtz and only on plaintiff's claims of censorship of two books in November, 2007.

**IT IS FURTHER ORDERED** that the third motion of Interested Party Kansas Department of Corrections for an extension of time in which to file the Martinez Report (Doc. 34) is granted to and including September 22, 2008.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D.Kan.R. 40.1.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge