# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DALE E. McCORMICK,

        *Plaintiff*,

vs.

        Case No. 07-2605-EFM

ROGER WERHOLTZ, et al.,

        *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Dale McCormick, an inmate at Lansing Correctional Facility, brought this section 1983 action to challenge the application of certain prison regulations to him. Specifically, he alleged that the withholding of two books he had ordered from a bookseller violated his First Amendment rights. Defendants moved this Court for summary judgment. In its Order of December 23, 2009, the Court granted Defendants' motion as to one of the books; however, because Defendants' affidavit submitted in support of their position with respect to the other book (*High Risk: An Anthology of Forbidden Writings*) was *wholly unrelated* to that book, but was plucked dumbly from *an entirely different case* involving an *entirely different book* and unceremoniously dropped into this action without material alteration, and because no other factual predicate relating to this case was presented to the Court (actually, *no factual predicate at all* was presented, as the sole affidavit bore no relationship to this case), the Court denied Defendants' motion with respect to the other book.

Defendants relied upon Kansas Administrative Regulation 44-12-313 for their action. That regulation, set forth in full in the Court's earlier order, prohibits an inmate from possessing a variety of sexually explicit material. The description of the material prohibited by the regulation arguably includes the book here at issue, which contains multiple explicit descriptions (though not, apparently, depictions) of a variety of sexual acts. There may be – indeed, probably are – valid reasons for this prohibition. But, in supporting the application of the regulation here, Defendants failed to provide the Court with any rational for this prohibition. Instead, Defendants' arguments were solely directed to why *other* portions of the regulation were valid. Defendants, both in their initial briefing and in the current matter, fail to grasp that Plaintiff is not challenging the validity of the regulation itself; he is only challenging the regulation *as applied* to his material. Regarding the rationale for validating the regulation's application to that material, Defendants stood mute.

The Court gives great deference to the decisions of our prison officials, and has no doubt that there is quite possibly a strong, compelling, and valid basis for the regulation's prohibition of the challenged material here. However, federal courts cannot issue orders from thin air, and thin air is more than Defendants provided this Court in defense of this part (the challenged part) of the regulation. As the Court's order of December 23, 2009, denying summary judgment on this issue noted, our "ruling in this case is the result of Defendants' utter failure to supply the Court with *any* evidence that supports their asserted rationale." (Slip op. at 9, emphasis original). Regrettably, Defendants' failure to pay even the slightest attention to the facts of the instant case prevented the Court from being able to grant Defendants' motion, and left the Court and parties with this case being in the totally unnecessary of posture of needing to be tried.

Astonishingly, rather than acknowledge that they had neglected the facts of this case, Defendants have filed before this Court a Motion for Reconsideration, asserting that the Court has committed multiple errors (Doc. 89). For the following reasons, the Court DENIES the motion.

In their motion, Defendants argue that the Court erred in two ways. First, Defendants argue that the Court misapplied applicable case law when it found that Defendants failed to establish a link between their decision to censor the book and KDOC's legitimate penological interest in prison security. Second, Defendants argue that the Court misinterpreted Defendants' use of the word depiction.

Defendants' first argument is without merit. To begin with, as stated by the Tenth Circuit in *Boles v. Neet*[1], courts in this Circuit are to examine individual decisions that deny or curtail an inmate's constitutional rights under the same four factors that it examines prison regulations.[2] Furthermore, and irrespective of the Court's adoption of the aforementioned position, Defendant's argument fails because the Court did in fact evaluate K.A.R. 44-12-313. Defendants fail to grasp the fact that Plaintiff is challenging the application of the regulation in question *to him*. While it is technically true that Plaintiff is contesting Defendant Collins' decision to censor the book, what Plaintiff is really doing is challenging the part of the regulation upon which Defendant Collins' based his decision; the part which explicitly bans material that contains descriptions of sexually explicit content. Therefore, in order to justify Defendant Collins' decision, Defendants must make some (even minimal) showing of the validity of the application of that regulation to materials that

---

[1] 186 F.3d 1177 (10th Cir. 2007).

[2] *Id.* at 1181 n.4.

contain descriptions of sexually explicit content; they cannot rely solely on the regulation's general validity.

Here, unfortunately, Defendants have relied solely on the regulation's general validity. In their briefing in support of reconsideration, Defendants protest that the affidavit they submitted demonstrates the necessary link between the regulation banning explicit materials and KDOC's legitimate penological interests. While the affidavit may have done this with regard to certain types of explicit materials, namely *depictions* of nudity, it did not do so with regard to the type of explicit material at issue here. Defendant Werholtz's affidavit does not mention *descriptions* of sexually explicit material once! As a consequence, his affidavit, which apparently is focused solely on depictions of nudity, is of no use to the Court.

Defendants' brief further asserts: "If prison officials believe that, based on their experience and professional judgment, the items prohibited by this regulation are contribution factors to the disruption of security, their judgment is entitled to deference." Slip op. at 5. The Court agrees, wholeheartedly! But Defendants' showing of the scope and rationale for their regulation made no connection to "the item prohibited" *in this case*.

The Court would like to support rational regulations issued by our prison officials. The Court would like to not have to spend time unnecessarily trying cases that in all probability need not be tried. But the Court needs the Defendants' help. The Court can find and rely on relevant authority, even if it is not provided to it, but the Court is at the mercy of the "relevant facts" (or lack thereof) proffered by the Defendants in support of their position.

Defendants' second argument is also baseless. Defendants contend that the Court's definition of depiction is too "limited." In support of this contention, Defendants cite to the

definitions provided by *The American Heritage Dictionary* and *Webster's New Explorer Dictionary and Thesaurus* for "depict."  While the Court agrees with Defendants that the word depict can be used to mean both visual representations and written descriptions, it disagrees that such a broad definition should be applied in this case.  In their motion, Defendants conveniently gloss over the fact that in paragraph five of his affidavit, Defendant Werholtz states that "*depictions of nudity* in any form generally tend to disrupt the overall security of a correctional facitilty."  Defendant Werholtz's use of the word depict in paragraph five defines and circumscribes the meaning of all subsequent uses of the word, and accordingly, the relevancy of his affidavit in this case.  As a result, the Court did not err in holding that Defendant Werholtz's affidavit fails to establish the necessary link between the decision to censor the book and KDOC's interest in security.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Doc. 89) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE