# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DALE E. McCORMICK,

       *Plaintiff*,

vs.

ROGER WERHOLTZ, et al.,

       *Defendants.*

Case No. 07-2605-EFM

## MEMORANDUM AND ORDER

This is a section 1983 action brought by a *pro se* plaintiff challenging the application of certain prison regulations to him. This matter is now before the Court on Plaintiff's motion to appoint counsel for trial (Doc. 101).[1] In his motion, Plaintiff states that the appointment of counsel would greatly aid him in the presentation of his claims and aid the progression of the trial. For the reasons stated below, the Court denies Plaintiff's motion.

It is well established that prisoners who allege civil rights claims do not have a constitutional right to counsel.[2] The decision of whether to appoint counsel pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), is within the sound discretion of the court.[3] In determining whether

---

[1] Although Plaintiff's motion does not state it, Plaintiff makes his motion pursuant to 28 U.S.C. § 1915(e)(1).

[2] *Hoffman v. Martinez*, 92 Fed. Appx. 628, 633 (10th Cir. 2004) (citing *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969)).

[3] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *see also* 28 U.S.C. § 1915(e)(1) (stating that "[t]he court may request an attorney to represent any person unable to afford counsel").

to appoint counsel, the court should consider the following factors: (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his claims; and (4) the complexity of the legal issues raised by the claims.[4] The fact "that counsel could assist the plaintiff in presenting 'his strongest possible case' is not a proper basis for granting such a motion."[5]

Here, the appointment of counsel for trial is unwarranted. Analysis of the first factor regarding the merits does not support appointment of counsel.[6] Although it is true that one of Plaintiff's claims did survive summary judgment, it is important to remember that its survival was predicated upon Defendants' utter failure to supply the Court with *any* evidence that supported the asserted rationale for censoring Plaintiff's book *High Risk: An Anthology of Forbidden Writers*, as opposed to its merit. In addition, Plaintiff's case is not particularly complex, as it is factually simple and legally straightforward.

To the extent an element of complexity exists,[7] the Court is confident that Plaintiff will nevertheless be able to adequately prosecute his claim. Based on Plaintiff's extensive litigation experience,[8] and his pleadings in this case, it is clear to the Court that Plaintiff has a "higher

---

[4]*Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[5]*Lane v. Brewer*, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *accord Rucks*, 57 F.3d at 979.

[6]*Id.*

[7]Plaintiff argues that the complexity of this case is magnified by the fact that he, a *pro se* prisoner with no legal training, will have to figure out how to subpoena witnesses and records. The Court is not persuaded by this argument. As noted by the Ninth Circuit, the fact that a *pro se* plaintiff may experience some difficulty gathering evidence in support of his claim "does not necessarily qualify the issues involved as 'complex.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

[8]*See, e.g., McCormick v. Farrer*, 147 Fed. Appx. 716 (10th Cir. 2005); *McCormick v. Hadl*, 2005 WL 1799260 (D. Kan. June 28, 2005).

degree of legal sophistication than is generally found in pro se parties."[9] This level of sophistication should enable Plaintiff to adequately prepare his case and present it in a coherent manner. Lastly, the Court notes that, unlike other *pro se* litigants, Plaintiff does not appear to suffer from any physical or mental impediment that will adversely affect his ability to present his case to the jury.[10]

In sum, the Court finds that Plaintiff will be able to adequately prosecute his claim and that "the lack of counsel [will not ] result[] in fundamental unfairness."[11] As a result, the Court denies Plaintiff's motion. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint trial counsel (Doc. 101) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 16th day of March, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *see also Avery v. Anderson*, 94 Fed. Appx. 735, 740 (10th Cir. 2004) (stating that the "quality, clarity and thoroughness of [the plaintiff's] brief[ing] . . . demonstrate[s] his ability to present his claims").

[10] *Cf. McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985) (involving a *pro se* plaintiff who was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication).

[11] *Id.*