IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE McCORMICK,

    *Plaintiff*,

vs.

ROGER WERHOLTZ, et. al.,

    *Defendants.*

Case No. 07-2605-EFM

**MEMORANDUM AND ORDER**

Plaintiff Dale McCormick, an inmate at Lansing Correctional Facility (LCF), has brought this section 1983 action to challenge the application of certain prison regulations to him. Specifically, he alleges that the withholding of two books that he had ordered from a bookseller violated his First Amendment rights. On June 1, 2009, Defendants moved this Court for summary judgment on Plaintiff's claims. In its Order of December 23, 2009, the Court granted Defendants' motion as to one of the books (*Encyclopedia of Survival Techniques*); however, because the submitted affidavits did not support Defendants' censoring of the other book (*High Risk: An Anthology of Forbidden Writings*), the Court denied Defendants' motion as it related to that book.

Presently before the Court are Defendants' Objections to Plaintiff's Final Witness and Exhibit List (Doc. 107) and Defendants' Motion in Limine (Doc. 108). Plaintiff has not filed a

response to Defendants' Motion in Limine.[1] Generally, the Court would take up the issues raised in Defendants' filings at the pretrial status conference. However, because the pretrial status conference is scheduled for the morning of the trial, the Court deems it necessary to address some of the issues in advance.

In his final witness and exhibit list, Plaintiff states that he plans to call the parties as witnesses. He further states that he plans to present the following exhibits: "(1) [a]ll filings and attachments in the case file; (2) [a]ny or all books at the LCF library, or copies thereof; (3) *Strope v. Collins*, 492 F. Supp. 2d 1289 (2007); (4) [a] Bible issued by the LCF Chaplain." In their Motion in Limine, Defendants ask the Court to exclude testimony evidence, argument, or comment regarding the book *Encyclopedia of Survival Techniques* and to exclude or limit Plaintiff's introduction of evidence in the form of books from the LCF library. In their Objections to Plaintiff's Final Witness and Exhibit List, Defendants object to Plaintiff's presentation of all filings and attachments in the case file to the extent such a presentation includes filings and attachments related to the censorship of the book *Encyclopedia of Survival Techniques*. They also object to Plaintiff's intention to present any or all books at the LCF library and the *Strope v. Collins* opinion. The Court will address Defendants' arguments in turn.

**All Filings and Attachments in the Case File**

It is unclear from Plaintiff's final witness and exhibit list whether Plaintiff intends to submit evidence pertaining to the censorship of *Encyclopedia of Survival Techniques*. Believing that Plaintiff may attempt to introduce such evidence at trial, Defendants request an order prohibiting him from doing so. The grounds for Defendants' request are that such evidence is not relevant to

---

[1]The deadline for filing a response to Defendants' motion was April 12, 2010.

the issue to be tried (whether a valid and rational connection exists between the prohibition of descriptions of sexually explicit materials and the asserted legitimate prison objective), would be misleading and confusing to the jury, and has the potential to be unfairly prejudicial to them.

The Court agrees with Defendants that Plaintiff should not be able to present at trial evidence relating to the censorship of *Encyclopedia of Survival Techniques*. First of all, such evidence is not relevant to the issue to be tried. Fed. R. Civ. P. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2] Because Defendants' decision to censor *Encyclopedia of Survival Techniques* was based on a Kansas Administrative Regulation different than the one that they based their decision to censor *High Risk: An Anthology of Forbidden Writings* on any evidence relating to the former decision would not make it any more or less probable that Defendants had a legitimate interest in censoring *High Risk: An Anthology of Forbidden Writings*. As a result, such evidence should be excluded on the ground that it is not relevant.[3]

Nevertheless, even if such evidence was relevant, it would be excluded on the ground that its probative value is substantially outweighed by the danger of unfair prejudice to Defendants. If the Court were to allow Plaintiff to present evidence relating to his failed claim, the jury may be led to improperly assume that Plaintiff's surviving claim must be meritorious. This danger, coupled with the fact that this evidence would shed little light on the issue at hand, leads the Court to conclude that this evidence would be excluded under Fed. R. Evid. 403 even if it were relevant.

---

[2]Fed. R. Evid. 401.

[3]Fed. R. Evid. 402.

In sum, the Court finds that any evidence relating to Defendants' decision to censor *Encyclopedia of Survival Techniques* should be excluded. As a consequence, Plaintiff is prohibited from presenting such evidence at trial.

**Any or All Books at the LCF Library**

Based on Plaintiff's disclosure, it appears that Plaintiff intends to offer into evidence all of the books at the LCF library. Defendants object to him being able to do that. Furthermore, in light of the fact that Plaintiff's disclosure does not specifically identify the books Plaintiff intends to offer, Defendants ask this Court to prohibit Plaintiff from introducing any books from the LCF library at trial. In the alternative, Defendants ask that Plaintiff be limited to presenting no more than five books if the Court allows him to admit books from the LCF library.

The Court agrees with Defendants that Plaintiff should not be able to present all books, or copies thereof, currently housed in the LCF library. First off, it is extremely unlikely that all of the books in the LCF library are relevant to this case. Furthermore, the presentation of all of the books in the LCF library would be a waste of time and would be needlessly cumulative. Accordingly, the Court grants Defendants' request to the extent it asks the Court not to allow Plaintiff to offer at trial all books in LCF's library.

As to whether Plaintiff may present any books from the LCF library, the Court expresses no opinion on that issue in this Order. Because Plaintiff did not state in his witness and exhibit list what books he intends to offer, the Court has no basis for determining whether such books should be excluded. As a consequence, this issue will have to be resolved at the pretrial status conference.

*Strope v. Collins* **Opinion**

Defendants object to Plaintiff's introduction of the *Strope v. Collins* opinion on the ground that the case itself is not admissible evidence. The Court agrees with Defendants that the *Strope* opinion is not admissible. As noted above, in order for evidence to be admissible, it must tend to prove or disprove the existence of an alleged fact. Nothing in the *Strope* opinion tends to prove or disprove the existence of any alleged fact in this case. Therefore, Plaintiff will not be able to offer the *Strope* opinion as evidence at trial.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine (Doc. 108) is hereby GRANTED in part.

**IT IS FURTHER ORDERED** that Defendants' Objections to Plaintiff's Final Witness and Exhibit List (Doc. 107) are hereby SUSTAINED to the extent that they are consistent with the Court's ruling on Defendants' Motion in Limine.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE