# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DALE McCORMICK,

        *Plaintiff*,

vs.

ROGER WERHOLTZ, et. al.,

        *Defendants.*

Case No. 07-2605-EFM

**MEMORANDUM AND ORDER**

Plaintiff Dale McCormick, an inmate at Lansing Correctional Facility (LCF), has brought this section 1983 action to challenge the application of certain prison regulations to him. Specifically, he alleges that the withholding of two books that he had ordered from a bookseller violated his First Amendment rights. On June 1, 2009, Defendants moved this Court for summary judgment on Plaintiff's claims. In its Order of December 23, 2009, the Court granted Defendants' motion as to one of the books (*Encyclopedia of Survival Techniques*); however, because Defendants' affidavits did not support their censoring of the other book (*High Risk: An Anthology of Forbidden Writings*), the Court denied Defendants' motion as it related to that book.

Presently before the Court is Plaintiff's Motion in Limine (Doc. 109) and Objection to Defendants' Witness and Exhibit List (Doc. 110). Defendants have filed a response to Plaintiff's motion. Generally, the Court would take up the issues raised in Plaintiff's filings at the pretrial

status conference. However, because the pretrial status conference is scheduled for the morning of the trial, the Court deems it necessary to address these issues in advance.

**Plaintiff's Motion in Limine**

In his motion, Plaintiff argues that Defendants should not be able to bring up or offer evidence concerning the following: (1) the nature of his criminal convictions or the facts surrounding those convictions; and (2) the nature of any disciplinary convictions that he has received while incarcerated or the facts surrounding those convictions. In their response, Defendants stipulate that they will not introduce evidence of Plaintiff's convictions or the facts surrounding those convictions unless Plaintiff opens the door. More specifically, Defendants state that they intend to present such evidence only if Plaintiff testifies about his convictions on his own, argues against the validity of his convictions, states that he has no history of convictions or that the circumstances of his convictions were not of a sexual nature, or claims that there is no basis for the regulation in question to apply to him specifically.

The Court agrees with Defendants that they should be able to offer evidence of Plaintiff's convictions if Plaintiff raises the issue.[1] Furthermore, the Court agrees with Defendants that if Plaintiff argues that Defendants had no basis to apply the regulation in question to him Defendants should be able to present evidence of Plaintiff's relevant convictions. The question, though, is which of Plaintiff's convictions would be relevant.

Based on the Kansas Court of Appeals' opinion in *State v. McCormick*[2], the Court concludes that Plaintiff's criminal convictions of aggravated kidnapping and aggravated burglary would be

---

[1] *See United States v. Erb*, 596 F.2d 412, 420 (10th Cir. 1979).

[2] 37 Kan. App. 2d 828, 159 P.2d 194 (2007).

relevant. They would be relevant because they are sexual in nature. These convictions stem from Plaintiff's decision to break into the home of a woman whom he had romantically pursued without success in the early morning hours and physically restrain her.[3] At the time of the break in, Plaintiff had a ball gag in his pocket and a backpack that contained, among other things, cotton rope, a wooden paddle, a leather whip, a choke chain, and condoms.[4] Thus, these convictions would be material to the question of whether Defendants had a rational basis for keeping from Plaintiff a book that contains descriptions of sexually explicit material.

In addition to these convictions, for the reason just stated, the Court also concludes that evidence of Plaintiff's disciplinary convictions for possession of sexually explicit material would be relevant, and, thus, admissible. Therefore, if Plaintiff argues that Defendants had no basis for applying the regulation in question to him, Defendants may raise Plaintiff's criminal convictions of aggravated kidnapping and aggravated burglary and Plaintiff's disciplinary convictions for possession of sexually explicit material.[5]

However, because Plaintiff's criminal conviction of aggravated intimidation of a witness or victim and his disciplinary convictions for possession of dangerous contraband do not appear to be sexual in nature, and, thus, have no bearing on the inquiry of whether the regulation in question should have been applied to Plaintiff, Defendants will not be able to present evidence relating to these convictions at trial.

---

[3] *Id.* at 831-32, 159 P.2d at 199-200.

[4] *Id.* at 834, 159 P.2d at 201.

[5] While Plaintiff will no doubt be prejudiced by the admission of this evidence, the Court does not find that the risk of unfair prejudice substantially outweighs the probative value of this evidence.

In sum, Defendants will not be able to introduce evidence of Plaintiff's convictions unless Plaintiff testifies about his convictions on his own, argues against the validity of his convictions, states that he has no history of convictions or that the circumstances of his convictions were not of a sexual nature, or claims that there is no basis for the regulation in question to apply to him specifically. If Plaintiff claims that there is no basis for the regulation in question to apply to him, Defendants may only offer evidence of Plaintiff's criminal convictions of aggravated kidnapping and aggravated burglary and Plaintiff's disciplinary convictions for possession of sexually explicit material. To the extent Plaintiff's motion is consistent with this holding, it is granted; to the extent it is not, it is denied.

**Plaintiff's Objection to Defendants' Witness and Exhibit List**

Plaintiff only objects to one exhibit on Defendants' list, the book *High Risk: An Anthology of Forbidden Writings*. Plaintiff objects to this book on the grounds that he has not had the opportunity to inspect the exhibit or its content and that the exhibit's probative value is outweighed by its prejudicial effect. The Court finds this objection to be without merit. This book is at the center of this case. Without knowing the contents of this book, the jury will not be able to make the rudimentary determination of whether the book constituted sexually explicit material, thus triggering the application of the regulation in question. Therefore, the Court overrules Plaintiff's objection.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine (Doc. 109) is hereby GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Defendant's Witness and Exhibit List (Doc. 110) is hereby OVERRULED.

**IT IS SO ORDERED.**

Dated this 14th day of April, 2010, in Wichita, Kansas.

                                                /s Eric F. Melgren
                                                ERIC F. MELGREN
                                                UNITED STATES DISTRICT JUDGE