# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DALE McCORMICK,

        *Plaintiff*,

vs.

ROGER WERHOLTZ, et. al.,

        *Defendants.*

Case No. 07-2605-EFM

**MEMORANDUM AND ORDER**

Plaintiff Dale McCormick, an inmate at Lansing Correctional Facility ("LCF"), proceeding pro se, brought a § 1983 action challenging the application of certain prison regulations to him. Specifically, he alleged that the withholding of two books that he had ordered from a bookseller violated his First Amendment rights. On June 1, 2009, Defendants moved this Court for summary judgment on Plaintiff's claims. In its Order of December 23, 2009, the Court granted Defendants' motion as to one of the books (*Encyclopedia of Survival Techniques*); however, because Defendants' affidavits did not support the censoring of the other book (*High Risk: An Anthology of Forbidden Writings*), the Court denied their motion as it related to that book.

On April 22, 2010, Plaintiff's surviving § 1983 claim was tried to a jury. Plaintiff represented himself during the two-day trial. After both parties rested, the matter was given to the jury. The jury returned a verdict in favor of Defendants, specifically concluding that Plaintiff had not proven by a preponderance of the evidence that the application of the regulation in question,

K.A.R. 44-12-313,[1] to the book *High Risk: An Anthology of Forbidden Writings* was invalid. Following the return of the jury's verdict, Plaintiff made an oral motion for a new trial.[2] The stated bases of Plaintiff's motion were that the Court allowed numerous inadmissible hearsay statements to be admitted into evidence and that the Court did not provide the jury with the instructions Plaintiff had proposed during the instruction conference, which according to Plaintiff accurately reflected the law. Defendants subsequently filed a written response to Plaintiff's oral motion.[3] Plaintiff did not file a reply.

---

[1] Regulation 44-12-313 provides:

> (a) No inmate shall have in possession or under control any sexually explicit materials, including drawings, paintings, writing, pictures, items, and devices.
> (b) The material shall be considered sexually explicit if the purpose of the material is sexual arousal or gratification and the material meets either of the following conditions:
> (1) Contains nudity, which shall be defined as the depiction or display of any state of undress in which the human genitals, pubic region, buttock, or female breast at a point below the top of the aerola is less than completely and opaquely covered; or
> (2) contains any display, actual or stimulated, or *description* of any of the following:
>     (A) Sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital, and anal-oral contact, whether between persons of the same or differing gender;
>     (B) masturbation
>     (C) bestiality; or
>     (D) sadomasochistic abuse . . . .

[2] The Court invited Plaintiff to file a written motion to more fully state his grounds for a new trial, however, Plaintiff denied the Court's invitation.

[3] In their response, Defendants argue that the Court correctly allowed them to introduce as evidence the book *High Risk: An Anthology of Forbidden Writings*. Because Plaintiff did not raise the admission of this book as a ground for granting his motion for new trial, the Court will not address this argument.

## I. Standard of Review

A motion for new trial under Rule 59(a) is committed to the sound discretion of the trial court.[4] Such a motion is "'not regarded with favor and should only be granted with great caution.'"[5] A motion for new trial should not be granted unless "'the court believes the verdict is against the weight of the evidence, prejudicial error has occurred, or substantial justice has not been done.'"[6] It is the moving party's burden to demonstrate trial error which constitutes prejudicial error.[7] In reviewing a motion for new trial, the Court must view the evidence in the light most favorable to the prevailing party.[8]

**Jury Instructions**

Plaintiff first contends that the Court erred by not including in jury instruction fourteen a sentence stating that if the jury found that the first factor of the *Turner v. Safley*[9] test – whether a rational connection exists between the application of the prison regulation in question and the legitimate governmental interest advanced as its justification – was not met, it did not need to evaluate factors two through four. In support of his contention, Plaintiff cites to *Jacklovich v. Simmons*[10], a case discussing the proper application of the *Turner* test at the summary judgment stage. Defendants have offered no argument in response to this specific contention. After

---

[4] *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984).

[5] *Wirtz v. Kan. Farm Bureau Servs., Inc.*, 311 F. Supp. 2d 1197, 1226 (D. Kan. 2004) (citation omitted).

[6] *Id.*

[7] *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

[8] *Griffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir. 1993).

[9] 482 U.S. 78 (1987).

[10] 392 F.3d 420, 427 (10th Cir. 2004).

performing its own research, the Court has not discovered any cases stating that the instructions given to the jury must include a statement that if the first factor is not met, the jury need not consider the remaining factors.[11] Thus, it does not appear that the Court erred by not including this statement. Assuming arguendo, though, that the Court did err, this does not necessarily mean that a new trial is warranted. Rather, the Court must go on to determine whether the error was harmful, i.e., did it affect the outcome of the case.[12] If the error was harmless, Plaintiff's motion should be denied.[13]

The Court's error, assuming there was one, was not harmful because it did not affect the outcome of the case. To satisfy the first factor, Defendants only needed to produce evidence showing that they could have rationally believed that the censoring of *High Risk: An Anthology of Forbidden Writings* would advance the prison's legitimate penological interests.[14] As one might guess, this is not an arduous task. At trial, Defendants, experienced correctional officers, described how the application of K.A.R. 44-12-313 to books containing sexually explicit content furthered the prison's interest in public safety, protecting staff, and conserving limited resources. Based on this testimony, the inherent logic in preventing inmates from obtaining written material that prison officials determine is intended to cause sexual arousal or gratification, and the applicable standard,

---

[11] The cases the Court has found merely state that the jury must be instructed that the application of the regulation in question is valid if it is reasonably related to legitimate penological interests. *See Cornwell v. Dahlberg*, 963 F.2d 912, 916-17 (6th Cir. 1992); *Siddiqi v. Leak*, 880 F.2d 904, 911-12 (7th Cir. 1989); *Lane v. Griffin*, 834 F.2d 403, 406-07 (4th Cir. 1987).

[12] *See e.g., Lusby v. T.G. & Y. Stores, Inc.*, 796 F.2d 1307, 1310 (10th Cir. 1986).

[13] *See* Fed. R. Civ. P. 61.

[14] *See Boles v. Neet*, 486 F.3d 1177, 1181 (10th Cir. 2007) (stating, at the summary judgment stage, that the defendant only needs to make a "minimal showing that a rational relationship exists between [their actions] and stated goals" in order to satisfy the first factor (quoting *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002)); *see also Amatel v. Reno*, 156 F.3d 192, 199 (D.C. Cir. 1998) (stating that the pertinent inquiry under the first *Turner* factor is whether prison administrators might reasonably have thought that the regulation in question would advance the asserted penological interest); *Mauro v. Arpaio*, 188 F.3d 1054, 1060 (9th Cir. 1999) (en banc) (same).

the Court concludes that no reasonable jury could find that the first factor was not met. As a consequence, a new trial is not merited on this ground.[15]

Plaintiff next argues that the Court erred in failing to give his proposed instruction A. Instruction A states that the jury should find K.A.R. 44-12-313 invalid if it concludes that the portion of the regulation requiring prison officials to determine whether the purpose of the material in question is to cause sexual arousal or gratification is incapable of precise definition and is such that reasonable persons could routinely come to substantially different conclusions about whether the material should be banned under the regulation. Instruction A misstates the law applicable to prison regulations. Case law establishes that prison regulations may afford broad discretion to those officials charged with enforcing such regulations without running afoul of the Constitution.[16] The fact that the exercise of this discretion may produce what appears to be inconsistencies does not make the regulation invalid.[17] As a consequence, this instruction was properly withheld.

Plaintiff also claims that the Court erred by not giving proposed instruction B. Instruction B states that if the jury finds that a substantial number of literary classics or fundamental religious texts technically violate K.A.R. 44-12-313, then it should conclude that the regulation is not a rational method of accomplishing Defendants' asserted goals. This instruction was also properly withheld. As pointed out by Defendants during the instruction conference, there is no support in the evidence for this instruction. Defendants testified that the Bible and other literary "classics" would

---

[15] *See, e.g., Kennedy v. S. Cal. Edison Co.*, 268 F.3d 763, 771 (9th Cir. 2001) (finding district court's error harmless because no reasonable jury could have found a necessary element of the plaintiff's claim); *Payne v. LeFevre*, 825 F.2d 702, 708 (2d Cir. 1987) (same).

[16]*See Thornburgh v. Abbott*, 490 U.S. 401, 416 (1989); *Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993).

[17]*Thornburgh*, 490 U.S. at 416 n.15.

not be prohibited under K.A.R. 44-12-313. As a result, the Court's failure to give this instruction is not a basis for granting a new trial.[18]

Additionally, Plaintiff challenges the Court's decision not to give proposed instruction C. Instruction C is an as-applied instruction. It provides that even if the jury finds that K.A.R. 44-12-313 is valid, it can still conclude that the application of the regulation to Plaintiff's book is invalid. Because this instruction is redundant of jury instructions eleven, twelve, and fourteen, the Court properly denied Plaintiff's request to incorporate instruction C.[19]

Plaintiff's fifth argument is that the Court erred in not giving proposed instruction D. Instruction D states that if the jury concludes that there are numerous books in the prison library that contain content similar to that which is contained in the book censored, it should find that the censorship in question was not reasonably or rationally related to the prison's legitimate penological interests. In support of this instruction, Plaintiff cites to *Strope v. Collins*[20], a case from this District. While it is true that *Strope* supports the proposition asserted by Plaintiff,[21] it is important to recognize that *Strope* is neither binding on this Court[22] nor is it consistent with the case law emanating from the circuit courts. Although the Tenth Circuit has not addressed the issue presented here, a number of its sister circuits have. Both the Seventh and Eighth Circuits have held that the

---

[18]*See Whittington v. Nordam Group Inc.*, 429 F.3d 986, 998-99 (10th Cir. 2005) (finding that a party is entitled to an instruction only if there is sufficient evidence to support such an instruction).

[19]*See United States v. Easley*, 927 F.2d 1442, 1448 (8th Cir. 1991).

[20]492 F. Supp. 2d 1289 (D. Kan. 2007).

[21]*See* 492 F. Supp. 2d at 1300 ("Plaintiffs contend that the types of publications being censored contain images like those seen daily on television programs such as *Baywatch*, *C.S.I. Miami*, etc. Assuming prisoners have access to those television programs, then, there would not seem to be much of a penological interest in restricting access to the publications, but not television programs containing similar content.").

[22]*See Aiken v. Bus. & Ind. Health Group, Inc.*, 885 F. Supp. 1474, 1478 n.4 (D. Kan. 1995) (stating that the decisions of "one court within a district [are] not binding upon another court within the same district").

fact that other prisoners have access to content similar to that which is contained in the material confiscated does not show that the application of the regulation in question to the material confiscated was unreasonable.[23] In light of this precedent and the Supreme Court's admonition that courts are to "accord substantial deference to the professional judgment of prison administrators,"[24] the Court finds that instruction D is not a correct statement of the law. Accordingly, the Court concludes that it properly withheld this instruction.

Lastly, Plaintiff argues that the Court erred in not including a provision in jury instruction eleven stating that a regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational. The Court disagrees. Plaintiff did not present any evidence that the legitimate penological interests asserted by Defendants were so remote as to have no connection to K.A.R. 44-12-313. As a result, the Court did not err in failing to include the requested provision.

**Hearsay Objections**

Plaintiff also contends that a new trial should be granted on the ground that the Court allowed multiple inadmissible hearsay statements to be admitted into evidence. This contention is without merit. First, Plaintiff does not specifically state which of the Court's hearsay rulings was improper. This alone is reason enough to reject Plaintiff's argument.[25] Second, after reviewing the trial transcript, the Court does not find that any of its hearsay rulings were in error. As a result, the

---

[23]*See Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *Weiler v. Purkett*, 137 F.3d 1047, 1050-51 (8th Cir. 1998) (en banc).

[24]*Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

[25]*See United States v. Scanlon*, 640 F.2d 144, 147 (8th Cir. 1981) ("The problem with this argument is that appellant fails to specify the hearsay statements he objects to, why in each instance they should not have been admitted, and how in each instance he has been harmed thereby. The court therefore has no way of evaluating this argument and cannot act upon it other than to reject it.").

Court rejects Plaintiff's claim that a new trial is warranted on the ground that inadmissible hearsay evidence was admitted.

**IT IS THEREFORE ORDERED** that Plaintiff's Oral Motion for a New Trial (Doc. 124) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 6th day of August, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE